## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JARON STUBBS   # 18214-043**                                                                 **PLAINTIFF**

**VS.**                                                                                          **CIVIL ACTION: 1:19cv122-LG-RHW**

**UNITED STATES FEDERAL BUREAU**
**OF PRISONS and STONE COUNTY**
**CORRECTIONAL FACILITY**                                                                        **DEFENDANTS**

### REPORT AND RECOMMENDATION

Before the Court in this prisoner civil rights lawsuit filed by Jaron Stubbs is [20] an October 8, 2019 motion for summary judgment filed by Stone County, Mississippi (incorrectly identified as Stone County Correctional Facility in Mississippi). The Mississippi Department of Corrections website identifies Stone County Correctional Facility (SCCF) as one of its regional facilities. Stubbs claims officials failed to protect him from assault by a fellow prisoner while he was incarcerated at SCCF awaiting sentencing following his guilty plea to federal drug charges. Stone County asserts it is entitled to summary judgment because Stubbs failed to exhaust administrative remedies prior to filing suit. Stubbs was served a copy of the motion pleadings [20, p. 7], but he has filed no response to the motion. A change of address filed on February 7, 2020 indicates he is no longer in prison. [21]

### Facts and Procedural History

Jaron Stubbs filed this lawsuit March 4, 2019, while he was imprisoned at Oakdale Federal Correctional Complex in Oakdale, LA, serving a 78-month sentence for possession of methamphetamine with intent to deliver. Stubbs pled guilty to the crime May 12, 2015 and was remanded to the custody of the U.S. Marshals. The incident giving rise to the present civil

lawsuit occurred June 29, 2015 while Stubbs was being held in the SCCF awaiting sentencing. In fact, his initial sentencing date in the criminal matter was continued because he was hospitalized for injuries sustained while in custody. See, *USA v. Stubbs*, 1:15cr7-LG-RHW. The Federal Bureau of Prisons (BOP) website indicates Stubbs is now located at its Montgomery, AL Residential Reentry Management facility and has a release date of August 27, 2020; however, Stubbs' February 7, 2020 change of address gives a free-world address in Picayune, MS. [21]

Although Stubbs sought leave to proceed *in forma* pauperis in this civil action, the Court denied his motion on April 4, 2019 [8], and he paid the filing fee April 29, 2019. The complaint alleges violation of his civil rights by prison officials failing to protect him from being assaulted by another inmate, a state pretrial detainee being held at the facility. Stubbs claims his nose and part of his lips were bitten off during the June 29, 2015 altercation. He seeks over $1,000,000 in damages for his injuries.

The complaint is filed "against federal officials (a Bivens claim);" it appears to name only one defendant – the "Federal Detention Center located in the Stone County, Mississippi Correctional Facility;" and virtually all the allegations of the complaint assert that *federal* officials failed to protect Stubbs from the June 29, 2015 assault and have failed to provide or pay for plastic surgery to repair/correct the facial disfigurement Stubbs sustained in the incident. [1] However, pursuant to the process Stubbs had issued and served on Stone County Correctional Facility [11], [13], "Stone County (incorrectly identified as Stone County Correctional Facility in Mississippi)," filed an answer to the lawsuit on August 14, 2019, denying any liability-causing conduct. [16] Stone County now moves for summary judgment on grounds that Stubbs failed to exhaust administrative remedies prior to filing suit. In support of its motion, Stone County presents Stubbs' SCCF file covering his stays at the facility, the incident report of the June 2015

altercation between Stubbs and his fellow inmate, the affidavit of Warden Brewer, and the SCCF administrative grievance procedure available to inmates at the time of Stubbs' injury.

## Summary Judgment Standard

Under FED.R.CIV.P. 56, summary judgment is required "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Material facts are those which affect the outcome of the suit under governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the Court views the evidence and draws reasonable inferences most favorably to the non-moving party, but the burden of proof is on the party who has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986); *Abarca v. Metropolitan Transit Authority,* 404 F.3d 938, 940 (5th Cir. 2005). Movant must identify those portions of pleadings and discovery on file and any affidavits which it believes demonstrate the absence of a genuine issue of material fact. When the moving party has carried its burden, the non-movant must set forth specific facts showing there is a genuine issue for trial by either submitting opposing evidentiary documents or referring to evidentiary documents already in the record which demonstrate the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324-325; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994); *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (non-movant "must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response"); *Johnson v. Deep E. Tex. Reg 7 Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004); *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978) (properly supported motion for

summary judgment must be rebutted with "significant probative" evidence). Conclusory allegations, unsubstantiated assertions or the presence of a scintilla of evidence, do not suffice to create a real controversy regarding material facts. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990); *Hopper v. Frank*, 16 F.3d 92, 97-98 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc*., 14 F.3d 1082, 1086 (5th Cir. 1994).

## Law and Analysis

Stone County has provided the Court a copy of the three-step administrative grievance procedure which was in effect at SCCF in June 2015 when Stubbs was injured [19-4], and has presented SCCF Warden Franklin Brewer's affidavit to establish that Stubbs did not file even a first step grievance against SCCF, much less exhaust the procedure before filing suit.  [19-3] Indeed, Stubbs' complaint states only that he filed a grievance to the Warden at Oakdale Federal Correctional Complex while he was serving his federal sentence there,[1] for his complaint that he needed "ongoing surgery" because his nose and part of his lips were bitten off while he was in BOP custody in 2015.  [1, pp. 15-16]

The Prison Litigation Reform Act of 1995 (PLRA) requires that a prisoner exhaust administrative remedies before bringing a conditions of confinement action in federal court.

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion is required before an inmate brings an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The United States Supreme Court has explained that the

---

[1] Stubbs was sentenced on October 1, 2015. *USA v. Stubbs*, 1:15cr7-LG-RHW.

PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.  See *Porter v. Nussle*, 534 U.S. 516, 532 (2002); see also *Jones v. Bock*, 549 U.S. 199, 204 (2007) (reaffirming that exhaustion is mandatory; stating it is an affirmative defense).  The United States Court of Appeals for the Fifth Circuit reiterated these principles in *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012), recognizing that "pre-filing exhaustion of prison grievance processes is mandatory." *Id.* at 788.  Proper exhaustion is required and is not accomplished "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).  An inmate's grievance must be sufficiently specific to afford "officials a fair opportunity to address the problem that will later form the basis of the lawsuit."  *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).  "It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion."  *Walker v. East Miss. Corr. Facility*, 2013 WL 4833901, *2 (S.D. Miss. Sept. 11, 2013) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001); *Tompkins v. Holman*, 2013 WL 1305580 (S.D. Miss. Mar. 26, 2013).  "The requirement of exhaustion applies regardless of Plaintiff's opinion on the efficacy of the institution's administrative remedy program."  *Nealy v. Moore*, 2013 WL 6230107, *3 (S.D. Miss. Nov. 30, 2013) (citing *Alexander v. Tippah Co.*, 351 F.3d 626, 630 (5th Cir. 2003)).  The undersigned finds Stubbs failed to exhaust administrative remedies against Stone County (or SCCF) prior to filing suit.

## RECOMMENDATION

The undersigned recommends that Stone County be granted summary judgment, and this case dismissed as to Stone County (Stone County Correctional Facility).

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Within 14 days after service of a copy of this Report and Recommendation (R&R) a party may file with the Clerk of Court, and serve upon on the other party/parties, written objections to the R&R, specifically identifying the findings, conclusions, and recommendations to which he objects.  *L.U.Civ.R.* 72(a)(3).   The District Court need not consider frivolous, conclusive, or general objections.   Within seven days after service of objections, the opposing party/parties must either serve and file a response or notify the district judge they do not intend to respond to the objections.   Absent timely objections, one may not attack on appeal any proposed factual finding or legal conclusion accepted by the District Court, except on plain error grounds. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 21st day of April 2020.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE