IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JARON STUBBS**                                                                       **PLAINTIFF**

v.                                                              CAUSE NO. 1:19cv122-LG-RHW

**UNITED STATES FEDERAL BUREAU
OF PRISONS and STONE COUNTY
CORRECTIONAL FACILITY**                                            **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the [22] Report and Recommendation of United States Magistrate Judge Robert H. Walker, entered November 27, 2019. Defendant Stone County, Mississippi (which Judge Walker notes is incorrectly identified as Stone County Correctional Facility) filed a [19] Motion for Summary Judgment, which argues that the plaintiff, Jaron Stubbs, failed to exhaust available administrative remedies before filing this 24 U.S.C. § 1983 action. After Stubbs failed to file a response to Stone County's summary judgment motion, Magistrate Judge Walker determined that undisputed evidence in the record clearly demonstrates that Stubbs failed to exhaust his claims through the three-step administrative remedy process at Stone County Correctional Facility. Judge Walker therefore recommends that Stone County's Motion for Summary Judgment be granted and Stubbs's claims be dismissed without prejudice. Stubbs filed an [23] Objection to Judge Walker's Report and Recommendation.

A party that files a timely objection is entitled to a *de novo* determination of those portions of the report or specified proposed findings or recommendations to

which specific objection is made. *United States v. Raddatz*, 447 U.S. 667, 673 (1980); 28 U.S.C. § 636(b)(1). The objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Moreover, where the objections are repetitive of the arguments already made to the magistrate judge and the district court finds no error, the court need not make new findings or reiterate the findings of the magistrate judge. *Hernandez v. Livingston*, 495 F. App'x 414, 416 (5th Cir. 2012); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Stubbs makes one argument in his Objection. He contends that he was in the custody of the Federal Bureau of Prisons ("BOP")[1] while housed at the Stone County Correctional Facility and exhausted the BOP's administrative remedy process, so he should not have to separately exhaust Stone County Correctional Facility's administrative remedy program. This argument is unpersuasive. First, his claims against Stone County concern the conditions of his confinement at the Stone County Correctional Facility. He had to exhaust Stone County's administrative remedy process. It does not matter that he may have been housed there while in federal custody. Second, to the extent that Stubbs argues it is unfair or redundant to require him to complete both administrative remedy procedures (and, to be clear, the Court has not suggested that he was required to complete the BOP's administrative remedy program), the Supreme Court has made clear that this

---

[1] It would appear that Stubbs was in the custody of the United States Marshal at the time, not the BOP. *See United States v. Stubbs*, 1:15cr7-LG-RHW (S.D. Miss.).

Court is without discretion to excuse Stubbs from the exhaustion requirement: "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). As Judge Walker correctly determined, Stubbs failed to exhaust administrative remedies against Stone County via the administrative remedy program at Stone County Correctional Facility.

The Court has conducted a *de novo* review of Stubbs's objections to the magistrate judge's findings, the record in this case, and relevant law. For the reasons stated in Magistrate Judge Walker's Report and Recommendation, Defendant Stone County's Motion for Summary Judgment will be granted and Stubbs's claims will be dismissed for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [22] Report and Recommendation of United States Magistrate Judge Robert H. Walker, entered November 27, 2019, should be, and the same hereby is, adopted as the finding of this Court, and Plaintiff Jaron Stubbs's [23] Objections are **OVERRULED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [19] Motion for Summary Judgment filed by Defendant Stone County (incorrectly identified as Stone County Correctional Facility) is **GRANTED**. The plaintiff's claims against Defendant Stone County are **DISMISSED without prejudice** for failure to exhaust administrative remedies.

**SO ORDERED AND ADJUDGED** this the 26th day of May, 2020.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge