IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JARON STUBBS,                                                                                                  PLAINTIFF

V.                                                                            CIVIL ACTION NO. 1:19-CV-122-RPM

UNITED STATES FEDERAL BUREAU OF PRISONS,                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

### I.      Introduction

On March 4, 2019, plaintiff Jaron Stubbs, proceeding *pro se*, filed a *Bivens* action against the U.S. Federal Bureau of Prisons ("BOP") and a 42 U.S.C. § 1983 suit against Stone County Correctional Facility ("SCCF") (collectively, "defendants") alleging violations of his constitutional rights. Doc. [1]. On December 1, 2021, this Court held a hearing to address, *inter alia*, whether it had subject-matter jurisdiction over Stubbs' lawsuit.[1] This matter is now before the Court on its own motion. *See*, *e.g.*, *Louisiana Sportsmen All., L.L.C. v. Vilsack*, 583 F. App'x 379, 380 (5th Cir. 2014) (quotation omitted) ("'Federal courts . . . have a continuing obligation to examine the basis for their jurisdiction,' and the issue of Article III standing 'may be raised . . . by the court *sua sponte*, at any time.'").

### II.     Factual Allegations

On June 29, 2015, Stubbs was a federal pretrial detainee housed at SCCF. Doc. [1], at 4. On that date, state pretrial detainee Terrell Johnson ("Johnson") attacked him. *Ibid.* During the attack, Johnson bit off parts of Stubbs' nose and lips. *Id.*, at 5–6. According to Stubbs, he did not know

---

[1] On that date, Stubbs consented to this Court's jurisdiction. Doc. [28]. As this Court has noted, "[i]n the Fifth Circuit, a plaintiff can legally consent to have his or her case heard in full by a magistrate judge before named defendants have been served." *Attia v. Hard Rock Casino*, No. 1:20–CV–332–RPM, 2021 WL 2228062, at *1 n.2 (S.D. Miss. June 2, 2021) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)).

1

that Johnson would attack him. *Ibid.* In fact, prior to the attack, Stubbs only interacted with Johnson on one occasion—he merely informed Johnson that he, Johnson, could not take food belonging to other inmates from the prison cafeteria. Likewise, Stubbs only resided in the same zone as Johnson, J-Zone, for a two-month period before the attack and only resided at SCCF for total of four months. Stubbs also alleges that Johnson attacked other prisoners—identifying only one other inmate by name—and speculates that Johnson was mentally ill. *See*, *e.g.*, *id.*, at 5, 9–10. He also alleges that Johnson was only in general population because his cousin, Captain Ray Boggs, was a local sheriff's deputy. *Id.*, at 11.

Immediately after the alleged attack, Stubbs was brought to the prison infirmary. However, his injuries were deemed sufficiently serious that he was sent to Forrest General Hospital ("FGH"). Doc. [1], at 7. At FGH, hospital staff advised prison officials that Stubbs would receive better treatment at "C.M.C.;" he was subsequently transported there. *Id.*, at 6. At "C.M.C.," hospital staff determined that he should be transported to Merritt Health Center ("MCH") for his injuries in light of MCH's in-house specialists. *Ibid.* He was ultimately treated at MHC. *Id.*, at 7. After being released from MHC, Stubbs received subsequent plastic surgeries on his nose and mouth. *Ibid.* However, after a surgery on October 15, 2018, he abruptly stopped receiving received treatment. *Id.*, at 8. To date, Stubbs has some discomfort breathing through his nose.

Liberally construing Stubbs' Complaint, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam), the Court understands Stubbs to bring the following claims against the BOP: (i) failure to protect him against Johnson; (ii) medical deliberate indifference insofar as BOP delayed his treatment immediately after the attack; and (iii) medical deliberate indifference insofar as BOP failed to provide him with surgeries after October 15, 2018, *see*, *e.g.*, Doc. [1], at 3, 5, 7, 9, 11.

### III.    Procedural History

On March 4, 2019, Stubbs filed the instant Complaint against the BOP and SCCF. Doc. [1]. Around this time, Stubbs moved for leave to proceed *in forma pauperis*. Doc. [3, 7]. On April 4, 2019, the Court denied Stubbs' *in forma pauperis* motions because he had sufficient funds in his prison inmate account to proceed with his case. Doc. [8]. Thereafter, Stubbs paid the filing fee. On October 8, 2019, SCCF moved for summary judgment on the grounds that Stubbs failed to exhaust his administrative remedies. Doc. [19]. Adopting U.S. Magistrate Judge Robert Walker's report and recommendation, U.S. District Judge Louis Guirola granted summary judgment and dismissed SCCF from the instant lawsuit. Doc. [24]. In granting summary judgment, Judge Guirola reasoned that Stubbs did not exhaust his administrative remedies before filing the instant lawsuit. *Ibid.* Following entry of judgment, Stubbs did not pursue his case. After this case was reassigned to the undersigned, Doc. [25], an in-person hearing was conducted, Doc. [26]. During that hearing, the Court warned Stubbs that the BOP may be entitled to sovereign immunity. This matter is now before the Court *sua sponte*.

### IV.    Analysis

"Absent a waiver[,]" federal agencies are entitled to sovereign immunity. *Cambranis v. Blinken*, 994 F.3d 457, 462 n.4 (5th Cir. 2021) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)). The BOP is a federal agency that generally enjoys sovereign immunity. *See*, *e.g.*, *Webber v. Bureau of Prisons*, No. CIV.A. 1:03–CV–193–C, 2005 WL 230151, at *3 (N.D. Tex. Feb. 1, 2005), *aff'd*, 198 F. App'x 406 (5th Cir. 2006). *See also Casas-Amador v. FCI Seagoville*, No. 3:17–CV–2478–G–BN, 2018 WL 3763845, at *3 (N.D. Tex. July 13, 2018), *adopted*, No. 3:17–CV–2478–G (BN), 2018 WL 3756946 (N.D. Tex. Aug. 7, 2018). Furthermore, a plaintiff can only maintain a *Bivens* action against an individual; a plaintiff cannot

bring a *Bivens* action against the United States or its agencies. *Meyer*, 510 U.S. at 485–86, 114 S.Ct. 996. In short, a *Bivens* action does not act as a waiver of the BOP's sovereign immunity. *Ibid.*

Here, Stubbs has brought a *Bivens* action against the BOP rather than against an individual. Doc. [1]. *See also Evans v. Ziporkin*, 471 F. App'x 302, 303 (5th Cir. 2012) (noting that Section 1983 lawsuit cannot be brought against a federal agency). However, a *Bivens* action does not constitute a waiver of the BOP's sovereign immunity; after all, the BOP is a federal agency, not an individual. *Meyer*, 510 U.S. at 485–86, 114 S.Ct. 996. Since the BOP is entitled to sovereign immunity, the Court lacks subject-matter jurisdiction over Stubbs' lawsuit and is constrained to dismiss it. *Ibid.*

## V. Conclusion

**IT IS THEREFORE ORDERED AND ADJUDGED**, that Stubbs' [1] Complaint against the BOP is **DISMISSED WITH PREJUDICE** for lack of subject-matter jurisdiction.

**SO ORDERED AND ADJUDGED**, this the 20th day of December 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE